**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANTONIO PIZANO-CORNEJO,

      Petitioner,

  v.                                             No. CIV 11-0857 BB/SMV

LEE VAUGHN, WARDEN;
MR. LEO NITURAL, CHAPLAIN;
CIBOLA CORRECTIONS CENTER;
CORRECTIONS CORPORATION OF AMERICA;
FEDERAL BUREAU OF PRISON,

      Respondents.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Petitioner's (hereinafter "Plaintiff") Petition, construed herein as a civil rights complaint.  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  For the reasons below, Plaintiff's claims against certain Defendants will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants have failed to provide food for Plaintiff in conformance with his religious beliefs.  Specifically, he alleges that, although the facility had previously provided a kosher diet for Muslim inmates as well as Jewish inmates, the facility's administration changed its policy and stopped serving religious diet to Muslim inmates.  Plaintiff also alleges specifically that Defendant Nitural "den[ied] him approval of a kosher diet."  The complaint notes that other CCA facilities offer a kosher diet for Muslims, but that officials at "[his] facility have a different policy."  Plaintiff contends that the policy change violates a number of his constitutional and statutory rights.  He seeks equitable relief.

Plaintiff's allegations do not support claims against Defendants Cibola Corrections Center, Corrections Corporation of America, or Federal Bureau of Prison.  The complaint's central allegation is that administrative officials at the corrections center made the policy decision that Plaintiff complains of.  The complaint thus contains no allegations against these other named Defendants affirmatively linking them to the asserted violation.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a Defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against other individuals or entities may not be based solely on a theory of respondeat superior liability for the actions of co-workers or employees.  *See id.*  Plaintiff's allegations do not implicate Defendants other than Warden Vaughn and Chaplain Nitural, and the Court will dismiss claims against the other Defendants.

2

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Cibola Corrections Center, Corrections Corporation of America, and Federal Bureau of Prison are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of Plaintiff's complaint, for Defendants Vaughn and Nitural.


_____
UNITED STATES DISTRICT JUDGE