IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

ANTONIO PISANO-CORNEJO,

   Plaintiff,

   v.                                                    No. 11-cv-857  BB/SMV

LEE VAUGHAN, WARDEN, et. al.,

   Defendants.

## ORDER DENYING APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's opposed Motion to Appoint Counsel [Doc. 16].  Courts have discretion to appoint counsel, although "[t]here is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).  Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  The Court has reviewed the complaint and subsequent pleadings in light of the foregoing factors.  Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner.  *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995).  Although Plaintiff raises concerns about recently losing the assistance of his cell-mate, Plaintiff remains free to "attempt to secure counsel through a contingency-fee arrangement, legal aid, or pro bono representation, or through law student assistance."  *Durre*, 869 F.2d at 547.  Accordingly, the Court will deny the motion.

IT IS THEREFORE ORDERED that the Motion to Appoint Counsel [Doc. 16] is DENIED.

Dated this 17th day of April, 2012.

                                                BRUCE D. BLACK
                                                UNITED STATES DISTRICT JUDGE