IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———————

ANTONIO PIZANO CORNEJO,

    Plaintiff,

    v.                                                    Civ. No. 11-857 LH/SMV

LEE VAUGHAN, WARDEN,
LEO NATURAL, CHAPLAIN,
CORRECTIONS CORPORATION OF AMERICA, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' motion for summary judgment [Doc. 19]. Having reviewed the submissions of the parties and the relevant law, the Court will GRANT this motion, and this case shall be DISMISSED.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Pizano is a federal inmate housed at Cibola County Correctional Center ("prison"), which is a private prison run by Corrections Corporation of America. While incarcerated, Plaintiff, a Muslim, had been partaking of the Kosher menu to fulfill the Islamic dietary requirements of Halal. In 2011, Plaintiff complained that the prison instituted a new policy, allowing only Jewish inmates to continue with the Kosher diet, while Muslim inmates would have to settle for a vegetarian diet. Plaintiff then filed this *pro se* lawsuit, alleging that he had been unlawfully deprived the Kosher diet, in violation of the First Amendment and the

Religious Land Use and Institutionalized Persons Act (RLUIPA).[1]  If Plaintiff's allegations are true, the prison's actions may also run afoul of the Equal Protection clause.  However, as explained below, Plaintiff's case is barred because he failed to exhaust his administrative remedies, and summary judgment is appropriate for the defendants.

## LEGAL STANDARDS

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  To avoid summary judgment, the nonmoving party must be able to point to sufficient evidence to support each essential element his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c)(1)(B).  All inferences from the evidence are to be viewed in the light most favorable to the non-moving party. *Jaramillo v. Adams County Sch. Dist*. 14, 680 F.3d 1267, 1268-69 (10th Cir. 2012).

Defendants move to dismiss, or in the alternative, for summary judgment.  Defendants have submitted evidence that Plaintiff did not properly exhaust his administrative remedies prior to bringing this suit.  Plaintiff does not contest the substance of this evidence, but instead argues that his failure to exhaust should be excused.  Plaintiff submits his own evidence, in the form of affidavits, to support his argument [*see* Doc's 28, 29, 30].  Thus, Defendants' motion shall be treated as one for summary judgment.

---

[1] Plaintiff also mentions negligence in his caption, but alleges no facts and asserts no arguments that would give rise to a negligence claim.

# DISCUSSION

## A. PLAINTIFF DID NOT PROPERLY EXHAUST HIS ADMINISTRATIVE REMEDIES

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "To exhaust administrative remedies an inmate must properly comply with grievance procedures." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109,1112 (10th Cir. 2007). This requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Even "substantial exhaustion," if not completely proper, is insufficient. *Fields*, 511 F.3d at 1112. Thus an inmate "may only exhaust by following all of the steps laid out" by the prison's internal regulations. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).

Here, Plaintiff failed to comply with the prison's grievance procedures. The prison requires a five-step process for filing grievances, beginning with a "Grievance Informal Resolution Form," and continuing with a "Formal Grievance Form" [Doc. 19-2 at 7]. The prison has submitted undisputed evidence of this five-step procedure, and undisputed evidence that Plaintiff was informed of the procedure. However, Plaintiff did not ever initiate the five-step grievance process. He instead filed several "Inmate Request" forms [*see* Doc. 19-2 at 31-37]. These forms are not part of the official grievance procedure, but are instead referred to as the "cop-out" alternative [Doc. 19-2 at 6]. Because plaintiff submitted a request to staff that was outside the grievance procedure, he did not properly exhaust his administrative remedies.

## B. PLAINTIFF WAS NOT THWARTED FROM EXHAUSTING HIS ADMINISTRATIVE REMEDIES

Plaintiff may be excused from properly exhausting his administrative remedies if he was thwarted from doing so. *Little,* 607 F.3d at 1250. The PLRA requires inmates to exhaust only

3

administrative remedies that are "available."  42 U.S.C. § 1997e(a).  The Tenth Circuit has found that if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little*, 607 F.3d at 1250.  In the Tenth Circuit, the grounds for this exception are narrow, and require proof of significant interference from prison officials – usually that the inmate was intimidated by prison staff with threats of retaliation, or that the inmate was denied access to the procedure.  *See, e.g., Tuckel v. Grover*, 660 F.3d 1249, 1252-1253 (10th Cir. 2011) (inmate thwarted through intimidation and threats of physical harm); *Little* , 607 F.3d at 1250 (inmate thwarted when he "asserted his right to a vegan diet at every level of the administrative process," but prison staff repeatedly ignored his grievances).

Plaintiff here does not claim that he was denied access to the grievance forms, or threatened against using them.  He only claims that prison staff told him that he would not get his request, and he would need to file a lawsuit to achieve the desired changes to his diet.  These alleged statements – though perhaps discouraging or confusing – fall short of showing that Plaintiff was thwarted from using the grievance system such that it was no longer "available" to him.  Although Plaintiff claims these statements misled him about the mandatory nature of the grievance procedures, the Tenth Circuit has noted that "the mandatory exhaustion requirement cannot be excused on the ground that the detainee was not informed of the grievance procedure." *Turrietta v. Barreiras*, 91 Fed. Appx. 640, 642 (10th Cir. 2004).  This is because the PLRA's exhaustion requirement "says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him.  The statute's requirements are clear: if administrative remedies are available, the prisoner must exhaust them." *Id.* (quoting *Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000)).

Furthermore, the prison has submitted uncontested evidence that Plaintiff was, in fact, fully informed, in writing, of the prison's grievance procedures.  Even if Plaintiff would have lost

using these procedures, he was still required to exhaust them.  Indeed, the Supreme Court has refused to find a futility exception to PLRA's exhaustion requirement.  *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001).

## CONCLUSION

Plaintiff has failed to exhaust his administrative remedies.  Even if Plaintiff was told that his grievances would be in vain, he was not excused from exhausting his administrative remedies.  Therefore, summary judgment is proper for the defendants.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment **[Doc. 19]** is **GRANTED**, and this case shall be **DISMISSED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE